﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 200228-69407
DATE: April 30, 2020

REMANDED

Entitlement to service connection for asthma or bronchial asthma is remanded.

REASONS FOR REMAND

The Veteran served on active duty from February 1976 to May 1981. This matter comes before the Board of Veterans’ Appeals (Board) on appeal of an August 2010 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

In a March 2017 decision, the Board reopened and denied the Veteran’s claim of entitlement to service connection for a respiratory disability. The Veteran appealed the decision to the United States Court of Appeals for Veterans Claims (Court). In September 2017, the Court granted a Joint Motion for Partial Remand (JMPR), vacating the portion of the March 2017 Board decision that denied entitlement to service connection for a respiratory disability, and remanded the matter for action consistent with terms of the JMPR. Thereafter, a November 2017 Board decision remanded the matter for further development. 

In a June 2019 decision, the Board found that an October 2018 VA opinion, obtained on the prior remand, was inadequate and that private medical records identified by the Veteran had not been obtained. Therefore, the Board remanded the matter for further development to meet VA’s duty to assist.

In April 2020, the Board again remanded the matter because it found that the addendum medical opinion obtained in October 2019 by the RO was insufficient for a decision of the claim. After the April 2020 remand was issued, a VA Form 10182, Decision Review Request: Board Appeal, executed by the Veteran in February 2020, was added to the electronic file. 

In the VA Form 10182, the Veteran elected to appeal to the Board the RO’s denial of the claim of entitlement to service connection for bronchial asthma or asthma under the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). Because the Veteran had received a Supplemental Statement of the Case from the RO in January 2020, he was able to withdraw his appeal from the Legacy system of adjudication and proceed under the AMA. 38 C.F.R. § 3.2400(c)(2).

The VA Form 10182 was not available to the undersigned at the time that the April 2020 remand was issued and therefore was not considered. As a result, the Veteran had been denied due process of law. Therefore, the Board issued a decision later in April 2020 in which it vacated the April 2020 remand. 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1000. 

In the Veteran filed VA Form 10182, the Veteran chose Direct Review, one of the three review options available under the AMA for appeals to the Board. See 38 U.S.C. § 5104C; 38 C.F.R. §§ 20.301-20.303. 

Under Direct Review, the record on appeal is limited to the record that was before VA at the time of the Agency of Original Jurisdiction decision on the issue or issues appeal. In general, evidence may not be added to the record after that date; furthermore, a Direct Review appellant is not entitled to a hearing before the Board. See 38 U.S.C. § 7113; 38 C.F.R. § 20.202. In this case, the record on appeal closed on January 31, 2020, the date of the Supplemental Statement of the Case.

However, under the AMA, a record on appeal may be developed further by a remand to the Agency of Original Jurisdiction when it has committed a pre-decisional duty to assist error. 38 C.F.R. §§ 3.159 (c), 20.802(a). The error must have been committed prior to the issuance of the decision being reviewed. 38 U.S.C. § 5103A(g); 38 C.F.R. § 20.802(a). When the Board identifies the error, then unless the highest level of the benefit sought can be awarded, the Board must return the appeal to the Agency of Original Jurisdiction with instructions to correct the error. 38 U.S.C. § 5103A(g). 

Here, the addendum opinion obtained by the RO in October 2019 is inadequate for a decision on the claim. There is therefore a pre-decisional duty to assist error on the part of the RO requiring a remand of the claim. 38 U.S.C. § 5103A(g); 38 C.F.R. § 20.802(a). 

Entitlement to service connection for asthma or bronchial asthma is remanded.

The Veteran seeks service connection for a respiratory disorder, diagnosed as chronic asthma. 

The questions presented on this appeal are whether the Veteran had an asthma condition prior to entering service; if so, whether the preexisting asthma condition worsened permanently during his service; and if the asthma condition is considered not to have existed prior to service, whether it is etiologically related to his service.

As directed by the Board’s June 2019 remand, a VA examiner who previously provided an opinion in this case in October 2018 reviewed the evidence of record and provided an addendum opinion in October 2019. In the addendum, the examiner again opined that there was clear and unmistakable evidence that the Veteran’s asthma preexisted his military service. As rationale, the examiner highlighted the Veteran’s February 1976 enlistment report of a history of asthma, a February 1976 examiner’s notation that the Veteran had asthma up to the age of 10, and the Veteran’s May 1981 report of having asthma “all of [his] life.” This opinion, however, does not address or otherwise reconcile the February 1976 entrance physical examination that indicated the clinical examination of the Veteran’s lungs and chest was normal. Similarly, it does not address the February 1976 notation that the Veteran had asthma “up to age 10,” or an October 1977 service treatment record that noted a “childhood history of asthma.” Moreover, the opinion does not identify any objective evidence to support the conclusion of a preexisting disorder, and instead appears to be based on the Veteran’s in-service reported history. Thus, the Board does not find that the opinion is supported by “clear and unmistakable evidence” (i.e., evidence that cannot be misinterpreted and misunderstood but rather, is undebatable) of a preexisting respiratory condition. 

In the October 2019 addendum, the VA examiner further opined that the Veteran had a temporary aggravation of his asthma during service but no permanent aggravation beyond the condition’s natural progression while on active duty. As rationale, the examiner stated that the service treatment records show “routine clinic visits” for the treatment of the Veteran’s asthma, that the Veteran sought emergency treatment for the condition on multiple occasions during service, but he was never hospitalized for asthma during service. This rationale, however, does not address the service treatment records indicating that the Veteran was first prescribed medication for his asthma in October 1977 (approximately one and half years after his entrance on active duty), his prescribed medication was increased during active duty, his December 1979 report that he had not had problems with spitting up blood during attacks since the age of 10, or the service treatment records indicating that the Veteran’s asthma was newly characterized as “chronic” in December 1979, over three years after his enlistment. The opinion on in-service aggravation is also inadequate due to the failure to address this in-service evidence.

Given these deficiencies, another remand is needed to obtain an adequate opinion that is supported by objective findings and sound reasoning. 

The matters are REMANDED for the following action:

1. Obtain a supplemental medical opinion by a VA pulmonologist who has not previously provided an examination report and/or medical opinion in this matter. The entire claims file must be made available to and reviewed by the examiner. Reexamination of the Veteran is not required, unless deemed necessary by the person providing the opinion.

Following a review of all the evidence of record, to specifically include the service treatment records, the pulmonologist must opine as to the following:

(a) Is there clear and unmistakable evidence (undebatable) that the current asthma disorder preexisted the Veteran’s military service? In providing the requested opinion, the examiner is asked to identify the medical evidence to support this conclusion and discuss the February 1976 entrance report of physical examination reflecting a normal examination of the lungs and chest.

(b) If a preexisting asthma condition is found, is it clear and unmistakable (undebatable) that the preexisting condition was not aggravated during the Veteran’s military service? In providing this opinion, the examiner must consider and discuss the service treatment records noting the following: (i) emergency treatment for respiratory symptoms; (ii) the initial prescription of asthma medication in October 1977 (approximately one and half years after the Veteran’s entrance on active duty); (iii) any increases in the prescribed asthma medication; (iv) the Veteran’s December 1979 report that he had not had problems with spitting up blood during attacks since the age of 10; and (v) the characterization of asthma as “chronic” in December 1979.

(c) If the Veteran’s current asthma condition did not preexist service, is it at least as likely as not (a 50 probability or greater) that the condition is etiologically related to his military service, to include the symptomatology and treatment documented in the Veteran’s service medical records. 

A complete, well-reasoned rationale must be provided for any opinion offered. If the requested opinion cannot be rendered without resorting to speculation, the examiner must state whether the need to speculate is caused by a deficiency in the state of general medical knowledge, i.e., no one could respond given medical science and the known facts, or by a deficiency in the record or the examiner, i.e., additional facts are required, or the examiner does not have the needed knowledge or training.

2. Advise the Veteran that he may submit medical records and/or a medical opinion from a qualified physician addressing the etiology of his current asthma.

 

 

DELYVONNE M. WHITEHEAD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Pitts

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.